**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**In re:**

**CHIAMPI, Ricky A.**  **Chapter 13**
SSN: xxx xx 6118  Case No.  10-17193-FJB
**CHIAMPI, Lisa G.**
SSN: xxx xx 9957
           **Debtor(s)**

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (the "Plan") on June 30, 2010. The Debtor(s) filed a Certificate of Service on June 30, 2010, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties.  Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed.  The term of the Plan is 60 months.

2. The Debtor(s) shall pay to the Chapter 13 Trustee the sum of $267.00 per month commencing August 1, 2010 which payments shall continue through the completion of the Plan and shall be made on the 1st day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: Carolyn A. Bankowski,  Chapter 13 Trustee, P.O. Box 1131, Memphis, TN 38101-1131.

3. The effective date of confirmation of the Plan is August 1, 2010.  The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan.  Unless otherwise ordered by the court, all property of the estate as defined in U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) only upon discharge.  All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court.  The Debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court.  The Debtor(s) shall be responsible for preserving and protecting property of the estate.

Dated: _____   _____ 07/08/2011
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**In re:**

    **CHIAMPI, Ricky A.**                             **Chapter 13**
    **SSN: xxx xx 6118**                             **Case No. 10-17193-FJB**
    **CHIAMPI, Lisa G.**
    **SSN: xxx xx 9957**
                      **Debtor(s)**

**SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN**

**1.    Modified Secured Claims**

The Debtor is modifying the secured claim of BAC Home Loans Servicing with respect to the second mortgage on the real estate located at 65 Sherwood Road, Medford, MA as follows: BAC Home Loans Servicing's claim in the sum of $45,037.00 will be wholly unsecured and treated with the other unsecured creditors under Section 5 below. See court order dated September 23, 2010 granting Debtor's Motion to Determine Secured Status.

**2.    Unmodified Secured Claims**

BAC Home Loans Servicing is retaining its lien on 65 Sherwood Road, Medford, MA with respect to the first mortgage. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with BAC Home Loans Servicing.

Freedom Road Financial is retaining its lien on the 2009 Triumph Rocket 3. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Freedom Road Financial.

Metro Credit Union is retaining its lien on the 2006 Nissan Altima. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Metro Credit Union.

**3.    Administrative Claims**

NONE

**4.    Priority Claims**

NONE

**5.    Unsecured Claims**

The holders of unsecured claims totaling $86,546.41* shall receive a dividend of no less than 16.66%.
*This amount includes BAC Home Loans Servicing's unsecured claim in the amount of $45,037.00.

**6.    Other Pertinent Provisions**

NONE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

   CHIAMPI, Ricky A.                    Chapter 13
   SSN: xxx xx 6118                     Case No.  10-17193-FJB
   CHIAMPI, Lisa G.
   SSN: xxx xx 9957
             Debtor(s)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within proposed order of confirmation was served upon the debtor, debtor's counsel of record and all parties and attorneys who have filed appearances and requests for service of pleadings, per the following service list, by first class mail, postage prepaid.

Dated: June 6, 2011                                        Respectfully submitted,

                                                          By:  **/s/ Carolyn Bankowski**
                                                          Carolyn Bankowski, BBO# 631056
                                                          Patricia A. Remer, BBO #639594
                                                          Office of the Chapter 13 Trustee
                                                          P.O. Box 8250
                                                          Boston, MA 02114-0033
                                                          617-723-1313

## SERVICE LIST

| | |
|---|---|
| Ricky and Lisa Chiampi<br>65 Sherwood Road<br>Medford, MA 02155 | Dean Prober, Esq.<br>PROBER & RAPHAEL, A LAW CORPORATION<br>20750 Ventura Boulevard, Suite 100<br>Woodland Hills, CA 91364 |
| Stefan E. Cencarik, Esq.<br>Grantham Cencarik, PC<br>271 Cambridge Street<br>Suite 203<br>Cambridge, MA 02141 | Metro Credit Union<br>Recovery Dept<br>Attn:  Lisa A. Tecce<br>PO Box 9100<br>Chelsea, MA 02150 |
| Gale Erb<br>MDOR/CSE<br>P.O. Box 9561<br>Boston, MA  02114 | |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

## CHAPTER 13 PLAN COVER SHEET

Filing Date: _____                    Docket #: _____
Debtor:   **Ricky Anthony Chiampi Sr.**                  Co - Debtor:  **Lisa Geri Chiampi**
Address:  **65 Sherwood Rd**                             Address:  **65 Sherwood Rd**
          **Medford, MA 02155**                                    **Medford, MA 02155**


Debtor's Counsel:  **Stefan E. Cencarik**
Address:  **Grantham Cencarik, PC**
          **271 Cambridge Street**
          **Suite 203**
          **Cambridge, MA 02141**

Telephone #:  **(617) 497-7141**
Facsimile #:  **(617) 497-7140**
Email Address:  **sec@boston-legal.com**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE.  THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS.  THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341.  THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL FIFTEEN (15) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

## CHAPTER 13 PLAN

Docket # _____

DEBTORS: (H) **Ricky Anthony Chiampi Sr.**    SS # **xxx-xx-6118**
         (W) **Lisa Geri Chiampi**           SS # **xxx-xx-9957**

TERM OF THE PLAN:    **60**    Months  (If the plan is longer than thirty-six (36) months and debtor's plan is governed by 11 U.S.C. § 1322(d)(2), a statement of cause must be attached hereto.)

PLAN PAYMENT:                  Debtor(s) to Pay Monthly:    **$267.00**

### I. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|

**Total of secured claims to be paid through the Plan:**    **$0.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **BAC HOME LOANS SERVICING** | **First Mortgage** |
| **FREEDOM ROAD FINANCIAL** | **Motorcycle loan** |
| **METRO CREDIT UNION** | **Automobile loan** |

### II. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

B. All Other Priority Creditors:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

**Total of Priority Claims to Be Paid Through the Plan:**    **$0.00**

### III. ADMINISTRATIVE CLAIMS:

A. Attorneys Fees (to be paid through the plan):    **$0.00**

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General.  The calculation of the Plan payment set forth utilizes a    **10%**    Trustee's commission.

### IV.  UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of    **16.66%**    of their claims.

A. General unsecured claims    **$41,509.41**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **BAC HOME LOANS SERVICING** | **Second Mortgage - Unsecured** | **$45,037.00** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

|  | Total of A + B + C unsecured claims: = | $86,546.41 |
|---|---|---|
| D. | **Multiply total by percentage:** | $14,418.00 |
|  | (Example: Total of $38,500.00 x .22 dividend = $8,470.00) |  |

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

**Total amount of separately classified claims payable at 100%:**                                              $0.00

## V. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan:

B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.
```
Debtors to file motion to avoid lien and second mortgage of BAC Home Loans.
```

C. Assumption/Rejection of Leases:

| Name | Election |
|---|---|

D. Miscellaneous Provisions:

**CALCULATION OF PLAN PAYMENT:**

| a) | **Secured claims (Section I-A Total):** | $0.00 |
|---|---|---|
| b) | **Priority claims (Section II-A & B Total):** | $0.00 |
| c) | **Administrative claims (Section III-A & B Total):** | $0.00 |
| d) | **Regular unsecured claims (Section IV-D Total):** | $14,418.00 |
| e) | **Separately classified unsecured claims (Section IV-E Total):** | $0.00 |
| f) | **Total of a + b + c + d + e above:** | $14,418.00 |
| g) | **Divide (f) by    0.90    for total including Trustee's fee:**     Cost of Plan = | $16,020.00 |
|  | (This represents the total amount to be paid into the Chapter 13 Plan.) |  |
| h) | **Divide (g) Cost of Plan by Term** | $267.00 |
| i) | **Round up to nearest dollar:  Monthly Plan Payment =** | $267.00 |
|  | (Enter this amount on page 1) |  |

Pursuant to 11 U.S.C. § 1326(a)(1) unless the Court orders otherwise, debtor shall commence making payments proposed by a plan within thirty ( 30 ) days after the petition is filed.  Pursuant to 11 U.S.C. § 1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

# LIQUIDATION ANALYSIS

I. <u>Real Estate:</u>

| List Each Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **Primary Residence** | **$350,000.00** | **$401,053.95** |
| | Total Net Equity for Real Property: | **$0.00** |
| | Less Total Exemptions (Schedule C): | **$0.00** |
| | Available Chapter 7: | **$0.00** |

II. <u>Automobile:</u>

| Describe year, make, model | Value | Lien | Exemption |
|---|---|---|---|
| **2006 Nissan Altima  Miles: 36,500** | **$8,400.00** | **$8,764.00** | **$0.00** |
| **2009 Triumph Rocket 3 Touring  Moto** | **$9,290.00** | **$14,068.00** | **$0.00** |
| | Total Net Equity: | | **$0.00** |
| | Less Total Exemptions (Schedule C): | | **$0.00** |
| | Available Chapter 7: | | **$0.00** |

III. <u>All other Assets:</u>    (All remaining items on schedule B) : (Itemize as necessary)

| Description | Value | Lien | Exemption |
|---|---|---|---|
| **Cash** | **$42.00** | **$0.00** | **$42.00** |
| **Checking  Citizens Bank, Medford, M** | **$250.00** | **$0.00** | **$250.00** |
| **Savings  Citizens Bank, Medford, MA** | **$250.00** | **$0.00** | **$250.00** |
| **Checking / Savings Account  Century** | **$0.00** | **$0.00** | **$0.00** |
| **Household furniture and misc. goods** | **$1,500.00** | **$0.00** | **$1,500.00** |
| **Tv Sets (3); Computer; Printer** | **$1,200.00** | **$0.00** | **$1,200.00** |
| **Books, pictures** | **$250.00** | **$0.00** | **$250.00** |
| **Personal/Family Clothing** | **$1,000.00** | **$0.00** | **$1,000.00** |
| **Wedding bands; Watches** | **$300.00** | **$0.00** | **$300.00** |
| **.38 Caliber S&W Chiefs Special** | **$260.00** | **$0.00** | **$260.00** |
| **IUEC Local 4 Annuity  Mass. Mutual /** | **$22,000.00** | **$0.00** | **$22,000.00** |
| **Pension Plan LUEC Mass Mutual Acc** | **$26,000.00** | **$0.00** | **$26,000.00** |
| **Term Life Insurance  John Hancock** | **$0.00** | **$0.00** | **$0.00** |
| **Term Life Insurance  John Hancock** | **$0.00** | **$0.00** | **$0.00** |
| | Total Net Value: | | **$53,052.00** |
| | Less Total Exemptions (Schedule C): | | **$53,052.00** |
| | Available Chapter 7: | | **$0.00** |

**SUMMARY (Total amount available under Chapter 7):**

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions:    **$0.00**

Additional Comments regarding Liquidation Analysis:

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

| | |
|---|---|
| **/s/ Stefan E. Cencarik** | **06/30/2010** |
| Debtor's Counsel | Date |

Counsel's Address: **Grantham Cencarik, PC**
**271 Cambridge Street**
**Suite 203**
**Cambridge, MA 02141**

Tel. #  **(617) 497-7141**          Email Address:  **sec@boston-legal.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

| | |
|---|---|
| **/s/ Ricky Anthony Chiampi Sr.** | **06/30/2010** |
| Debtor | Date |
| **/s/ Lisa Geri Chiampi** | **06/30/2010** |
| Debtor | Date |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

IN RE:  **Ricky Anthony Chiampi Sr.**                                                         CASE NO.
                    *Debtor*

**Lisa Geri Chiampi**                                                                             CHAPTER  **13**
                    *Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 30, 2010, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Stefan E. Cencarik**
Stefan E. Cencarik
Bar ID:666766
Grantham Cencarik, PC
271 Cambridge Street
Suite 203
Cambridge, MA 02141
(617) 497-7141

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING<br>xxxxx2203<br>450 AMERICAN ST<br>SIMI VALLEY, CA 93065 | CAPITAL ONE, N.A.<br>xxxxxxxx6728<br>C/O AMERICAN INFOSOURCE<br>PO BOX 54529<br>OKLAHOMA CITY, OK 73154 | CITIZENS BANK CARD SERVICES<br>5317<br>P.O.BOX 42010<br>Providence , R.I. 02940 |
| BAC HOME LOANS SERVICING<br>xxxxx7397<br>450 AMERICAN ST<br>SIMI VALLEY, CA 93065 | Carolyn Bankowski<br>Office of the Chapter 13 Trustee<br>PO Box 8250<br>Boston, MA 02114 | CMS-CARDWORKS<br>xxxxxxxxxxxx2664<br>PO BOX 9201<br>OLD BETHPAGE, NY 11804 |
| BARCLAYS BANK DELAWARE<br>xxxxxx8024<br>ATTENTION: CUSTOMER SUPPORT DEPARTMENT<br>PO BOX 8833<br>WILMINGTON, DE 19899 | CENTURY BANK<br>xxxx5791<br>376 MYSTIC AVE<br>MEDFORD, MA 02155 | EXXMBLCITI<br>xxxxxxxxxxxx2975<br>ATTN.: CENTRALIZED BANKRUPTCY<br>PO BOX 20507<br>KANSAS CITY, MO 64195 |
| BARCLAYS BANK DELAWARE<br>xxxxxx8024<br>ATTENTION: CUSTOMER SUPPORT DEPARTMENT<br>PO BOX 8833<br>WILMINGTON, DE 19899 | CHASE<br>xxxxxxxx0385<br>PO BOX 15298<br>WILMINGTON, DE 19850 | FREEDOM ROAD FINANCIAL<br>xxxxxxxxxx9943<br>10605 DOUBLE R BLV<br>RENO, NV 89521 |
| BARCLAYS BANK DELAWARE<br>xxxxxx7902<br>ATTENTION: CUSTOMER SUPPORT DEPARTMENT<br>PO BOX 8833<br>WILMINGTON, DE 19899 | CHASE<br>xxxxxxxx6293<br>PO BOX 15298<br>WILMINGTON, DE 19850 | Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

IN RE: **Ricky Anthony Chiampi Sr.**  CASE NO.
*Debtor*

**Lisa Geri Chiampi**  CHAPTER  **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

LOWES / MBGA
xxxxxxxx2245
ATTENTION: BANKRUPTCY DEPARTMENT
PO BOX 103104
ROSWELL, GA 30076

Massachusetts DOR
Bankruptcy Unit
PO Box 9564
Boston, MA 02114-9564

METRO CREDIT UNION
xxx7201
200 REVERE BEACH PKWY
CHELSEA, MA 02150

Ricky Anthony Chiampi Sr.
65 Sherwood Rd
Medford, MA 02155